### NEW YORK TIMES v. SUN PRINTING & PUBLISHING CO.

(District Court, S. D. New York. April 4, 1912.)

INJUNCTION (§ 157*)—PRELIMINARY INJUNCTION—MOTION—INFORMALITY IN SERVICE.

> That an order to show cause, granted on an application for preliminary injunction against a corporation, was served on a person not authorized to represent defendant, did not affect the jurisdiction of the court to entertain such motion, where service of the subpœna was afterward duly made, and defendant's attorney appeared at the time set for hearing, which was twice adjourned.

> [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 340, 342; Dec. Dig. § 157.*]

In Equity. Suit by the New York Times against the Sun Printing & Publishing Company. On motion for preliminary injunction. Denied.

This cause comes here upon an application for an injunction pendente lite restraining defendant from publishing in its paper, the New York Sun, verbatim or colorably, the account of Raold Amundsen of the discovery of the South Pole, of which it is alleged complainant owns the copyright.

Duncan & Duncan, for complainant.
Hornblower, Miller & Potter, for defendant.

LACOMBE, Circuit Judge. Preliminary objections are raised to the court's entertaining this motion. The bill was verified March 8, 1912, and on the evening of that day was presented, with affidavits, to a district judge, who signed an order to show cause why this motion should not be granted; the day named for the hearing being March 15th. On March 8th, a little before midnight, the order, etc., was exhibited to, and copy left with, a person in the office of defendant, whom complainant describes as "acting night editor," but who was, as defendant asserts, merely a reporter. On Saturday, March 9th, præcipe for subpœna ad respondendum was filed with the clerk, and

the subpœna was duly served by the marshal on defendant's attorney (who admitted service) on March 11th. On March 15th the hearing was adjourned to March 22d, and on March 22d was again adjourned to March 29th. On March 14th complainant gave notice that it would submit additional affidavits at the hearing, and served copies of such notice and affidavits on March 16th. In like manner copy of an additional affidavit was served on defendant's solicitor on March 21st.

The application came on for hearing on the 29th, and in response to an inquiry by the court defendant's counsel stated that he did not contend that defendant was taken by surprise, or that it had not had ample time to answer all matters set forth in the moving papers, original and additional. Concededly all these papers reached defendant in due course, and were in the possession of its counsel upon the argument. The suit was initiated by the presentation of the bill to the court, and jurisdiction of the person of the defendant was obtained by service of the subpœna on its attorney, authorized to accept service. The circumstance that the order to show cause was served before the subpœna, and that such service was made on a subordinate employé, is unimportant, in view of what took place subsequently. In the old Circuit Court, in this district, it was well-settled jury trial practice that an adjournment to a day certain, when the cause was on the day calendar before a trial judge and counsel for both sides present, was the equivalent to a notice of trial for that day. Subsequent to the service of the subpœna defendant was advised by the papers which came to the hands of its solicitor that this application would be made on the 15th, and was advised through two subsequent adjournments that it would be heard on the 29th. The objection that this court was, on March 29th, without jurisdiction to hear this motion, is highly technical and without merit.

As to the merits of the motion, various objections are raised to the granting of the relief prayed for. Some of them are directed to the form of the complaint, which, it is contended, in some particulars states conclusions, instead of facts. Any irregularities of that sort could no doubt be cured by amendment to conform to the facts. But there seems to be no good reason for deciding the questions raised upon the argument, some of which go to the fundamental merits of the controversy, on an application for injunction pendente lite. There is no reason to apprehend that defendant will hereafter print the alleged copyrighted narrative, or any part of it. It has long since ceased to be news. The important questions in the case can be best considered at final hearing—the bill is for an accounting, as well as injunction—when the text of the contracts upon which rests complainant's right to a copyright will be before the court.

For this reason, and without expressing any opinion on any other branch of the case, the present application for injunction is denied.